NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-240 consolidated with 22-241


STATE OF LOUISIANA

VERSUS

LATRACUS HENRY


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2013-CR-175213-A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


SHANNON J. GREMILLION
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Shannon J. Gremillion, D. Kent Savoie, and Sharon Darville Wilson, Judges.


VACATED AND REMANDED.

**Sherry Watters**
**Louisiana Appellate Project**
**P. O. Box 58769**
**New Orleans, LA 70158-8769**
**(504) 723-0284**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Latracus Henry**

**Hon. Charles A. Riddle, III**
**Twelfth Judicial District Attorney**
**Jonathan T. Gaspard**
**Assistant District Attorney**
**P. O. Box 546**
**Marksville, LA 71351**
**(318) 240-7329**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

## FACTS

In July 2013, Defendant was found by Bunkie police in the vicinity of reported gunshots. He was in possession of weapons. Defendant is and was a convicted felon, and he was arrested and charged with possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La.R.S. 14:95.1.

Defendant was also originally charged with the second degree murder of Dana Schenk, who was shot and died the night Mr. Henry was in possession of a handgun. However, the State chose to proceed only with the felon in possession of a firearm charge. No evidence of Ms. Schenk's death was admitted during the trial. During deliberations, the jury sent the trial judge an unsigned note which questioned whether their knowledge of the death disqualified them. The note apparently referred to Ms. Schenk, whose daughter was a witness for the State during the trial.

The trial court denied disqualification of the jurors and Defendant's motion for mistrial. The jury then returned a 10-2 conviction. Defendant originally appealed the verdict, and this court reversed, holding that Defendant was deprived of a fair trial. *State v. Henry*, 15-321 (La.App. 3 Cir. 11/12/15), 178 So.3d 1134.

The Louisiana Supreme Court granted the State's writ of certiorari, finding error in relying on the anonymous, unsworn letter. The supreme court also found that the trial court had erred in not questioning the jurors about whether they were aware of Ms. Schenk's death and how they came to know of it. The matter was remanded for an evidentiary hearing. *State v. Henry*, 15-2300 (La. 3/24/16), 187 So.3d 984.

The district court conducted the ordered hearing over the course of three dates: July 14, 2016, September 26, 2016, and March 23, 2017. On October 17, 2017, the district court issued a written ruling affirming the conviction.

In the meantime, on September 19, 2017, the Louisiana State Bar Association determined that Defendant's counsel was ineligible to practice law. Defendant was granted an out-of-time appeal on March 22, 2021.

Defendant assigns three errors: violation of his right to a speedy trial; violation of his right to due process, in that the verdict was not unanimous; and improper influences tainted the jury's deliberations.

## DISCUSSION

Defendant contends that he has been denied his right to a speedy trial. Defendant was originally tried, this court reversed, and the supreme court granted writs and remanded for an evidentiary hearing. The supreme court's grant of writs was not a reversal, Defendant contends. Thus, for nine years Defendant has languished in jail awaiting "a valid trial and a completed appeal."

We disagree with Defendant's contention regarding the nature of the supreme court's grant of certiorari. The supreme court found that an evidentiary hearing was required in order to determine whether the jurors actually knew of Ms. Schenk's death and how they came to know of it. *Henry*, 187 So.3d 984. This court had invalidated Defendant's conviction because the trial court did not recall and question the jurors about their knowledge of Ms. Schenk's death. *Henry*, 178 So.3d 1134. This court reversed the conviction; the supreme court found that to do so was error. We consider the supreme court's ruling to be a reversal. This assignment of error lacks merit.

In *Ramos v. Louisiana*, ___ U.S. ___, 140 S.Ct. 1390 (2020), the United States Supreme Court held that the Sixth Amendment to the Constitution requires a unanimous verdict to convict a defendant in both state and federal courts. In *Edwards v. Vannoy*, ___ U.S. ___, 141 S.Ct. 1547 (2021), the Court held that *Ramos* does not apply retroactively to invalidate a non-unanimous conviction on collateral

2

review. *Edwards*, however, emphasized that *Ramos* did apply to cases on direct review.

Defendant's case poses a very unusual circumstance in which an accused was convicted, his case was reversed by an intermediate court of appeal, remanded by the State's highest court, his lawyer was declared ineligible to practice law, he searched for other counsel, and his search was complicated by the intervention of the COVID-19 pandemic. Once Defendant procured representation, he sought and was granted an out-of-time appeal. We find that Defendant's case is still progressing through the direct appeal process, and, as the State concedes in its brief, Defendant is entitled to a new trial.

**DECREE**

Defendant's conviction is vacated. The matter is remanded to the trial court for a new trial.

**VACATED AND REMANDED.**